UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

**ACCELERANT SPECIALTY**
**INSURANCE COMPANY**,

      Plaintiff,

      Case. No. 9:22-cv-81686-DMM

v.

**CARPENTER GROUP INC.**,

      Defendant.

_____

## DEFENDANT CARPENTER GROUP INC.'S MOTION

## TO DISMISS THE DECLARATORY JUDGMENT COMPLAINT

**COMES NOW** the Defendant, CARPENTER GROUP INC (hereinafter "CARPENTER"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida, and files this its Motion to Dismiss the Complaint, and in support thereof would state as follows:

### INTRODUCTION

Plaintiff ACCELERANT SPECIALTY INSURANCE COMPANY ("ACCELERANT') has filed a Complaint for Declaratory Judgment with respect to a policy of marine insurance issued to CARPENTER GROUP INC., providing coverage for a 2001 65' Viking. Although cast an action for Declaratory Judgment, the ACCELERANT Complaint "does not seek a purely legal ruling, such as a request to resolve differences in the interpretation of specific language in the insurance contract. Likewise, the requested declarations do not seek to conform the behavior

of either party to the requirements of law or minimize the danger of future monetary loss." *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, CASE NO. 07-61259-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 24318, *5-7, 2008 WL 828122. Rather, each cause of action in the Complaint seeks declarations that coverage is excluded because of past events which constitute breach of warranties or policy terms or conditions. This is not appropriate for a declaratory judgment and the Complaint should be dismissed. See, *Cruz v. Western World Ins. Co.*, Case No. 21-cv-23982-BLOOM/Otazo-Reyes ,2021 U. S. Dist. LEXIS 240107, *8, 2021 WL 5937691(S.D. Fla..2021).

## MOTION TO DISMISS STANDARD

Under the Federal Rules a Complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this rule does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully harmed-me accusation" and a complaint that offers mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." I*d.* at 678; *Twombly,* 550 U.S. at 570. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.Although the Court must accept well-pled factual allegations in a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678.

Rather, the Complaint must contain direct and plausible allegations respecting all material elements necessary to sustain recovery under a viable legal theory. *See Twombly,* 550 U.S. at 562. When the allegations in a Complaint, however true, could not raise a claim of

entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court'." *Id.* at 558.

The Plaintiff's Complaint does not state viable cases of action for declaratory relief under the Declaratory Judgment Act and should be dismissed as a matter of law.

## THE COURT SHOULD EXERCISE ITS DISCRETION UNDER 28 U.S.C 2201(a) TO DISMISS THE DECLARATORY JUDGMENT ACTION.

The Declaratory Judgment Act authorizes but does not require the Court to exercise jurisdiction to issue declaratory judgments at the request of the parties.

> As the Supreme Court has explained, the statute does not oblige federal courts to exercise their power to issue declaratory judgments; instead, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962)

*Great Lakes Reinsurance (UK)PLC v TLU Ltd.* 07-61259-CivMARRA, 2008 U.S. Dist. LEXIS 24318, *4, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008).

The act
> [V]ests district courts with discretion to dismiss declaratory suits when, in their best judgment, the costs outweigh the benefits. Its language is spare, but direct: federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Act thus makes an explicit "textual commitment to discretion." *Wilton*, 515 U.S. at 286. So while federal courts normally have an "unflagging obligation" to exercise our jurisdiction, where declaratory judgments are concerned this imperative "yields to considerations of practicality and wise judicial administration." *Id.* at 284, 288 (quotation omitted).

*James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1059, 2022 U.S. App. LEXIS 13851, *9, 29 Fla. L. Weekly Fed. C 1142

The discretion to decline jurisdiction under the Act is not limited to situations when there is a parallel State court proceeding. The Eleventh Circuit has "upheld dismissals of declaratory

judgment actions that did not involve concurrent proceedings, and which thus were based on considerations other than similarity." *Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, 12 F.4th 1278, 1286, 2021 U.S. App. LEXIS 26723, *13, 29 Fla. L. Weekly Fed. C 332.

In this instance however, there is an existing breach of contract action maintained by the Defendant CARPENTER[1] and currently pending before this Court which would further support the dismissal of the declaratory judgment action. As ACCELERANT has filed a counterclaim in that action it has an opportunity to obtain the relief and determination of its obligations by resolution of the breach of contract action. The existing Breach of Contract action and Counterclaim by ACCELERANT support the Court's exercise of its discretion to decline to exercise jurisdiction over this proceeding dismissal of the instant declaratory judgment action.

## THE COMPLAINT FAILS TO STATE A PROPER CAUSE OF ACTION FOR DECLARATORY JUDGMENT AND SHOULD BE DISMISSED

Should the Court consider exercise of its discretionary jursidciton over the matter the Compliant should still be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to fails to state a viable cause of action for Declaratory Relief. The Complaint consists of six causes of action each seeking a declaration of the Court that there is no coverage under the policy for the loss.  Under Count One Plaintiff seeks to have the Court declare there is no coverage for the damage to the vessel because the loss was not caused by a fortuitous peril of the sea; under Count Two Plaintiff seeks a declaration that there is no coverage for the damage to the vessel because the damage was not caused by an external event; under Count Three Plaintiff seeks a declaration that there is no coverage became the vessel was unseaworthy at the inception of the insurance and at the time of the loss; under Count Four Plaintiff seeks a declaration that

---

[1] *CARPENTER GROUP INC vs. ACCELERANT SPECIALTY INSURANCE*, CASE NO:  0:22-cv-62067-DMM

there is no coverage under the policy due to the Defendants breach of the Letter of Survey Recommendations Compliance warranties; under Count Five the Plaintiff seeks a declaration that there is not coverage under the policy and the policy is void from inception due to the failure to disclose the failure to complete certain recommendations contained within the survey; and under Count Six the Plaintiff seeks a declaration that there is no coverage under the policy and the policy is void from inception as a result of the Defendant's failure to truthfully disclose the purchase price of the vessel.

Each cause of action deals with ***past acts***. None of the causes of action seek a declaration as to future obligations or liability or deal with anticipated acts or actions. Rather, Plaintiff in each cause of action seeks a declaration that the past acts by the Defendant violate contractual terms or conditions voiding or precluding coverage under the policy. This is simply a breach of contract claim. Plaintiff's request for declaratory relief is improper as there is no actual controversy to settle before it ripens into a violation of a law or a breach of contractual duty. *See Great Lakes Reinsurance (UK)PLC v TLU Ltd.* 07-61259-CivMARRA, 2008 U.S. Dist. LEXIS 24318, *4, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008)

> The purpose of the Declaratory Judgment Act is to permit
>
> "actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." 10B C. Wright & A. Miller, Federal Practice & Procedure, Civil 3d § 2751 (2004); accord Regency of Palm Beach, Inc. v. QBE Ins. Corp., 2009 U.S. Dist. LEXIS 75929, 2009 WL 2729954, at *4 (S.D. Fla. Aug. 25, 2009) ("The point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct.") (citations omitted)."

*Young v. Lexington Ins. Co*., CASE NO. 18-62468-CIV-MORENO/SELTZER , 2018 U.S. Dist. LEXIS 207069, *6-7, 2018 WL 7572240( S.D.Fla. 2018)

As the Court held, in *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.,* resolution of **factual questions regarding whether a breach of contract has been committed in the past is unrelated to the purpose behind the Declaratory Judgment Act.** The Courts in this District

Case 9:22-cv-81686-DMM   Document 14   Entered on FLSD Docket 02/10/2023   Page 6 of 8

have consistently held that invocation of the Court's jurisdiction under the Declaratory Judgment act **is inappropriate** "soley to adjudicate past conduct". *Sierra Equity Group Inc., v White Oak Equity LLC,* 650 F. Supp 2d 1213 (S.D. Fla. 2009); ." *Great Lakes Reinsurance (UK) PLC v. TLU Ltd*., 07-61259-Civ MARRA, 2008 U.S. Dist. LEXIS 24318 at *1, 2008 WL 828122, (S.D. Fla. Mar. 27, 2008) (citations and internal quotation marks omitted); see also *Young v. Lexington Ins. Co.,* No. 18-62468-CIV, 2018 U.S. Dist. LEXIS 207069, 2018 WL 7572240, *2 (S.D. Fla. Dec. 6, 2018); *Cruz v. Western World Ins. Co*., Case No. 21-cv-23982-BLOOM/Otazo-Reyes ,2021 U. S. Dist. LEXIS 240107, *8, 2021 WL 5937691(S.D. Fla..2021).

As acknowledged by the Court in *Sierra Equity Group, Inc. v. White Oak Equity, LLC* this position is held not only in this District but by other Courts as well:

> [O]ther courts have held that "declaratory judgment is inappropriate solely to adjudicate past conduct." *Gruntal & Co. v. Steinberg,* 837 F. Supp. 85, 89 (D.N.J. 1993); see also *Beazer Homes Corp. v. VMIF/Anden Southbridge Venture,* 235 F. Supp. 2d 485, 494 (E.D. Va. 2002) (a declaration that involves the adjudication of past conduct serves no useful purpose); *Hoagy Wrecker Serv., Inc. v. City of Fort Wayne,* 776 F. Supp 1350, 1358 (N.D. Ind. 1991) (the Declaratory Judgment Act was designed to [*1231] prevent the accrual of avoidable damages, not those damages which had already occurred).

*Sierra Equity Group, Inc. v. White Oak Equity, LLC* 50 F. Supp. 2d 1213, 1231 (S.D. Fla. 2009)

In the Complaint before this Court, each of the causes of action seeks a declaration as to past conduct; none of the causes of action seek to prevent the accrual of avoidable damages. Although Plaintiff alludes to the need to have its rights and responsibilities determined under the policy, it states no ongoing actual controversy which exists as it has already made its determination as to the cause of loss and applicability of any exclusions and warranties.

The Plaintiff is using the declaratory judgment action as a vehicle to have the Court approve or ratify its determinations as to whether the contract has been breached. This is not the purpose of or a proper application of the Declaratory Judgment act. As noted in *Esienberg* such

MOTION TO DISMISS  
9:22-cv-81686-DMM

Page 6

causes of action are is nothing more than a claim for breach of contract and warrant dismissal of the declaratory judgment causes of action.

> Questions regarding whether a contract was adequately performed is unrelated to the purpose behind the Declaratory Judgment Act.
> **A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract**. (emphasis supplied).

*Eisenberg v. Std. Ins. Co.* 2009 U.S. Dist. LEXIS 99663 *; 2009 WL 3667086 CASE NO. 09-80199-CIV-MARRA/JOHNSON citing *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.,* 2007 U.S. Dist. LEXIS 70815, 2007 WL 2811080, *2 (E.D. Mo. 2007).

Having failed to plead a tenable cause of action for declaratory relief seeking to prevent the accrual of avoidable damages, not those damages which had already occurred, in any of the six counts of the Complaint, the Plaintiff's Complaint should be dismissed for failure to state a cause of action.

**WHEREFORE** Defendant seeks an Order of this Court dismissing the Complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure for failing to state a cause of action together with such other an further relief as may be proper.

Respectfully Submitted,

CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
chris.fertig@fertig.com
DARLENE M. LIDONDICI, ESQ.
Florida Bar No.: 516521
dml@fertig.com
FERTIG & GRAMLING
200 S.E. 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
chris.fertig@fertig.com
DARLENE M. LIDONDICI, ESQ.
Florida Bar No.: 516521
dml@fertig.com
FERTIG & GRAMLING
200 S.E. 13th Street
Fort Lauderdale, FL 33316
Telephone: 954-763-5020
Facsimile: 954-763-5412
*Counsel for Defendant*
