UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE No: 22-81686-MIDDLEBROOKS

ACCELERANT SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.

CARPENTER GROUP INC.,

    Defendant

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, filed on February 10, 2023. (DE 14). The Motion is fully briefed. (DE 17; DE 20). For the following reasons, the Motion is granted.

**I.    PROCEDURAL HISTORY**

The facts of this case are relatively straight-forward: Defendant's yacht, insured by Plaintiff, burned to the waterline en route to Defendant's dock. (Compl. ¶ 13). In August 2022, Defendant filed a claim of loss with Plaintiff. Plaintiff denied coverage for various reasons; *e.g.*, not a "fortuitous peril of the sea," "not caused by an external event," "the Vessel was unseaworthy," and failures to truthfully disclose information at the Policy's inception. (*Id.* ¶¶ 13, 28-34). The Vessel is a "2001 65' Viking with Caterpillar twin 1,800hp diesel engine[s], bearing hull ID number VKY65325A101, named *Talk N Trash*." (*Id.* ¶ 6). Defendant initially represented to Plaintiff that it purchased the Vessel for $790,000. (*Id.* ¶ 7).

What followed in terms of procedural history is more complicated. On November 1, 2022, Accelerant initiated this declaratory judgment action in admiralty (hereinafter "the Admiralty Case"). (DE 1). The Eleventh Circuit has held that there is no right to a jury trial in Admiralty and Accelerant has not requested one. *St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1189 (11th Cir. 2009). Then on November 7, 2022, Carpenter (the Defendant in this action) filed its own lawsuit in this district against Accelerant, alleging breach of contract under the Court's diversity jurisdiction (hereinafter "the Diversity Case"). (Case No. 22-81686, DE 1). Carpenter demanded a jury trial on its breach of contract claim. The Diversity Case was initially assigned to Judge Altman. On December 9, 2022, however, Accelerant filed a Motion to Dismiss the Diversity Case in favor of the earlier filed case (the Admiralty Case), or, in the alternative, a Motion to Transfer the case to me for consolidation. Upon consolidation, Accelerant would move to strike Carpenter's demand for a jury trial. On January 19, 2023, Judge Altman transferred the Diversity Case to my docket. (Diversity Case, DE 15).

On January 30, 2023, Accelerant moved (in this case) to consolidate the two cases and strike Carpenter's jury demand. (DE 11). Shortly thereafter, on February 10, 2023, Carpenter filed the instant Motion to Dismiss Accelerant's complaint for declaratory judgment. (DE 14). Given that I find Carpenter's Motion to Dismiss to be meritorious, I will grant it and close this case, mooting out any consolidation issues.

II.   **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental*

*Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678; *see also Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222 (11th Cir. 2022) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

### III. ANALYSIS

Plaintiff seeks six claims for declaratory judgment. As summarized by Defendant (and not disputed by Plaintiff):

> Under Count One Plaintiff seeks to have the Court declare there is no coverage for the damage to the vessel because the loss was not caused by a fortuitous peril of the sea; under Count Two Plaintiff seeks a declaration that there is no coverage for the damage to the vessel because the damage was not caused by an external event; under Count Three Plaintiff seeks a declaration that there is no coverage [because] the vessel was unseaworthy at the inception of the insurance and at the time of the loss; under Count Four Plaintiff seeks a declaration that there is no coverage under the policy due to the Defendant[']s breach of the Letter of Survey Recommendations Compliance warranties; under Count Five the Plaintiff seeks a declaration that there is not coverage under the policy and the policy is void from inception due to the failure to disclose the failure to complete certain recommendations contained within the survey; and under Count Six the Plaintiff seeks a

> declaration that there is no coverage under the policy and the policy is void from inception as a result of the Defendant's failure to truthfully disclose the purchase price of the vessel.

(DE 14 at 4-5). Defendant moves to have this case dismissed on two grounds. First, that this Court should refuse to exercise its discretion to issue a declaratory judgment given that the Diversity Case would resolve all the issues raised in this case. Second, under Rule 12(b)(6), that Plaintiff fails to state a claim for declaratory relief because its six claims are predicated on "past acts," none of which "seek a declaration as to future obligations or liability or deal with anticipated acts or actions." (*Id.* at 5).

Under the Declaratory Judgment Act, a court *may*, "in a case of actual controversy[,] . . . declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act . . . ." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In exercising that discretion, courts consider "whether a declaratory judgment would serve a 'useful purpose.'" *Allstate Insurance Co. v. Employers Liability Assurance Corp.*, 445 F.2d 1278, 1280 (5th Cir.1971). The point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct. 10B C. Wright & A. Miller, *Federal Practice and Procedure*, Civil 3d § 2751 (2004) . . . ." *Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 2008 WL 828122, at *1 (S.D. Fla. Mar. 27, 2008) (Marra, J.) (footnote omitted), *aff'd*, 298 Fed. Appx. 813 (11th Cir. 2008).

In *Great Lakes*, the district court stayed a declaratory judgment pending the resolution of a breach of contract case in state court because, *inter alia*, the plaintiff did not seek a purely legal ruling. *Id.* at *2 ("Plaintiff does not seek a purely legal ruling, such as a request to resolve differences in the interpretation of specific language in the insurance contract . . . . Factual questions regarding whether a breach of contract has been committed in the past is unrelated to the

purpose behind the Declaratory Judgment Act."). The Eleventh Circuit affirmed and explained: "the federal case would [not] serve a 'useful purpose,' and it is clear that factual issues, including whether the Insureds made material omissions in their application, and whether the type of damage the Insureds' vessel sustained would be covered by the policy, would be important to the resolution of the federal case." *Great Lakes*, 298 Fed. Appx. at 816.

Here, I do not see how Plaintiff's claims for declaratory relief are anything but a breach of contract claim traveling under the cloak of declaratory judgment. While purporting not to concede the point, Plaintiff argues that "it is clear at least that the First and Second Causes of Action do present . . . 'purely legal rulings.'" (DE 17 at 5). As an initial matter, contrary to Plaintiff's boilerplate statement, I find that it has conceded that Counts III-VI are improper by failing to provide any substantive response in defense of them. *Siegmund v. Xuelian*, 2016 WL 3186004, at *3 (S.D. Fla. June 8, 2016), *aff'd sub nom. Siegmund v. Xuelian Bian*, 746 F. App'x 889 (11th Cir. 2018) ("a 'party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace.'").

Moreover, in reviewing Counts I and II, I disagree with Plaintiff's characterization of the issues as purely legal. Count I seeks a declaration on whether the Vessel's burning was an "accidental physical loss," an issue that turns on Defendant's "lack of due diligence" and knowledge of defects. (Compl. ¶¶ 39-43). Count II similarly seeks a declaration on whether the External Cause Exclusion applies, an issue that turns on whether "an accidental external event" caused the fire. (*Id.* ¶ 48). Defendant can, and indeed has, raised the Policy's terms as affirmative defenses in the Diversity Case. (DE 4 at 10).

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (DE 14) is **GRANTED.**

2. Plaintiff's Complaint (DE 1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court shall **CLOSE THIS CASE** and **DENY AS MOOT** any pending motions.

**SIGNED** in Chambers in West Palm Beach, Florida, this 22 day of June, 2023.

Donald M. Middlebrooks
United States District Judge